```
                                                          USDC SDNY
                                                          DOCUMENT
                                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                              DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                             DATE FILED: 7/5/2023
------------------------------------------------------------- X
                                                        :
    UNITED STATES,                                      :
                                                        :
                                                        :
                                                        :
                   -v-                                  :       1:9-cr-339-GHW-2
                                                        :
                                                        :
    EDWIN MALDONADO,                                    :       ORDER
                                                        :
                          Defendant.                    :
------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

Mr. Maldonado was convicted at trial of two counts of intentional murder while engaged in a drug trafficking crime, in violation of 21 U.S.C. § 848(e)(1)(A), two counts of death through the use of a firearm, in violation of 18 U.S.C. § 924(j), and two counts of use of an interstate commerce facility in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958. Dkt. No. 164. Mr. Maldonado was seventeen years old at the time of the offense. *Id.*

After Mr. Maldonado's conviction, but prior to his sentencing, the Supreme Court decided *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Court held that mandatory life imprisonment without parole for defendants who were under the age of eighteen violated the Eighth Amendment's prohibition on cruel and unusual punishments. *Id.* at 470. In light of the Supreme Court's decision in *Miller*, Judge Sweet issued a 31-page-long sentencing opinion prior to the sentencing hearing. Dkt. No. 164.[1] In that opinion, Judge Sweet expressly evaluated Mr. Maldonado's sentence in light of the considerations highlighted by the Supreme Court in *Miller*. *Id.* at 25–29. Following a sentencing hearing, Judge Sweet entered judgment on December 14, 2012, imposing a life sentence on Mr. Maldonado. Dkt. No. 165.

---

[1] All references are to the criminal docket in Case No. 1:09-cr-339 unless otherwise noted.

Mr. Maldonado timely appealed his conviction and sentence. Dkt. No. 166. On April 21, 2014, the Second Circuit affirmed the district court's judgment, expressly noting that the "district court properly considered all of the *Miller* factors." Dkt. No. 187.

In 2021, Mr. Maldonado filed a petition for relief from his conviction under 28 U.S.C. § 2255. The Court denied that petition by opinion dated November 16, 2021. Dkt. No. 303. Mr. Maldonado did not appeal that decision.

On July 5, 2023, Mr. Maldonado filed another motion under 28 U.S.C. § 2255 seeking habeas corpus review of his conviction and sentence. Dkt. No. 304 ("Petitioner's Motion").

## II.     DISCUSSION

Title 28, Section 2241 of the United States Code contains several gatekeeping provisions, including strict requirements for bringing successive petitions. A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h); *see also United States v. Krasniqi*, No. 1:10-CR-464-GHW, 2022 WL 2663826, at *5 (S.D.N.Y. July 8, 2022), *appeal dismissed*, No. 22-1958, 2023 WL 2360936 (2d Cir. Feb. 28, 2023). Thus, "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

Mr. Maldonado's July 5, 2023 petition is a second petition for habeas relief. Accordingly, in the interest of justice, the Clerk of Court is directed to transfer Petitioner's Motion, which he asserts to have been filed under Section 2255, to the United States Court of Appeals for the Second Circuit

pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (*per curiam*).

### III. CONCLUSION

For the foregoing reasons, the Motion filed at Dkt. No. 304 in case number 1:09-cr-339-GHW is hereby transferred to the United States Court of Appeals for the Second Circuit. If the Second Circuit authorizes Mr. Maldonado to proceed in the Section 2255 petition, he will be permitted to make filings in that docket number, and the Court anticipates that it will open a new civil action with respect to the petition. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Mr. Maldonado has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to transfer this case to the Court of Appeals for the Second Circuit, to terminate the motion pending at Dkt. No. 304, and to mail a copy of this order to Mr. Maldonado.

SO ORDERED.

Dated: July 5, 2023
New York, New York

GREGORY H. WOODS
United States District Judge