AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/24/2024

UNITED STATES OF AMERICA

Case No. 1:9-cr-339

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

EDWIN MALDONADO

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

On March 12, 2024, Edwin Maldonado filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1). Dkt. No. 310 (the "Motion"). The Court has considered the Motion and believes that a sentencing reduction is not appropriate in this case.

The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). And Amendment 814 to the Sentencing Guidelines expands the list of specified and extraordinary and compelling reasons that can warrant sentence reductions. The amendment permits a court to consider "Other Reasons" that are of similar gravity to those described in Section 1B1.13(b)(1)-(4) of the Sentencing Guidelines. U.S.S.G. 1B.1.13(b)(5). It also permits the Court to consider an "Unusually Long Sentence" as the basis to find extraordinary and compelling circumstances that justify early release "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and

after full consideration of the defendant's individualized circumstances." U.S.S.G. 1B.1.13(b)(6). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. 1B.1.13(d).

The Court does not believe that the defendant's asserted rehabilitation—the principal reason asserted in his Motion for the Court to find extraordinary and compelling reasons for his release— meets the threshold because, as the policy statements assert, rehabilitation is not by itself a sufficient reason to justify early release. Moreover, reading the submission to raise the strongest argument it suggests, there is no good basis to find that Mr. Maldonado's sentence was unduly long. Mr. Maldonado was convicted at trial for murder. For that most serious crime, this sentence is not unduly long.

In any event, the Court does not need to evaluate whether the circumstances described Mr. Maldonado's application constitute "extraordinary and compelling" reasons for his release. That is because the Court does not believe that releasing Mr. Maldonado early is justified after reviewing the factors under 18 U.S.C. § 3553(a). See United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021) ("When a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

The 3553(a) factors do not permit the requested modification of Mr. Maldonado's sentence. The application of the 3553(a) factors cripples his request and outweighs any justification for early-release. Mr. Maldonado was convicted at trial of two counts of intentional murder while engaged in a drug trafficking crime, in violation of 21 U.S.C. § 848(e)(1)(A), two counts of death through the use of a firearm, in violation of 18 U.S.C. § 924(j), and two counts of use of an

interstate commerce facility in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958. Dkt. No. 164. Here, the factors that weigh in Mr. Maldonado's favor, in particular, his purported rehabilitation, are overshadowed by the combined force of 'the nature and circumstances of the offense' and the need for the sentence imposed to 'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment for the offense,' 'afford adequate deterrence to criminal conduct,' and 'protect the public from further crimes of the defendant.' Mr. Maldonado's criminal conduct was most serious. He committed murder. There is a substantial need for personal and general deterrence. A lesser sentence would not promote respect for the law and provide just punishment for the offense. His early release would not result in a sentence that was sufficient to meet the mandate of the 18 U.S.C. § 3553(a).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Maldonado.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

March 24, 2024

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE